# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

ANCEL J. GOODRIDGE, Jr., #328-708 :

    Plaintiff :

v : Civil Action No. L-11-1753

MARYLAND DIVISION OF :
CORRECTIONS
    :
    Defendant

## MEMORANDUM

Pending are Ancel J. Goodridge's ("Goodridge") Complaint filed under 42 U.S.C. § 1983 and Motion to Proceed in Forma Pauperis. The Court will grant Goodridge leave to proceed in forma pauperis for the purpose of preliminary review and deny the Complaint for failure to state a claim upon which relief can be granted.

**I.    Standard of Review**

This Court must dismiss any action filed by a prisoner proceeding in forma pauperis if the Court determines the action fails to state a claim on which relief may be granted. 28 U.S.C. §§ 1915(e)(2) and 1915A. While this Court is mindful that the pleadings of pro se litigants are liberally construed, see Erickson v. Pardus, 551 U.S. 89, 94 (2007), factual allegations in a complaint must contain "more than labels and conclusions," and the action may be dismissed if the allegations do not provide "enough to raise a right to relief above a speculative level." Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 555 (2007). The Court may not act as the inmate's advocate to develop claims the inmate failed to raise on the face of his complaint. See Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

**II.    Discussion**

Goodridge , who is an inmate at North Branch Correctional Institution, claims that his personal property, including a television, a CD radio, photos, and clothing were destroyed during

the time he was on disciplinary segregation. As redress, he requests replacement of his property or appropriate monetary compensation. Goodridge also indicates that he attempted to resolve his concerns through the prison Administrative Remedy Procedure process prior to filing this lawsuit.

In order to raise a prisoner civil rights violation pursuant to 42 U.S.C. § 1983, an inmate must allege deprivation of a right secured by the United States Constitution or federal law. To the extent Goodridge might intend to allege that a constitutional violation occurred when he was deprived of his personal property, the Due Process Clause merely requires the availability of an adequate post-deprivation remedy. See Parratt v. Taylor, 451 U.S. 527, 542-44 (1981), overruled on other grounds by Daniels v. Williams, 474 U.S. 327 (1986). The right to seek damages and injunctive relief in Maryland state courts constitutes an adequate post-deprivation remedy. See Juncker v. Tinney, 549 F. Supp. 574, 579 (D. Md. 1982); see also Md. Code, State Government, § 12-101, et seq. Goodridge might wish to pursue his claim in small claims court or other appropriate state court in Maryland, although this Court expresses no opinion on the merit of his claims.

### III. Conclusion

Accordingly, the Court will dismiss the Complaint without prejudice under 28 U.S.C. § §1915(e)(2)(ii) and 1915A(b)(2) for failure to state an actionable claim. A separate Order follows.

Dated this 13th day of July 2011.

/s/

Benson Everett Legg
United States District Judge